**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 13-cv-2375-RPM

ABRAHAM HAGOS,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections,
JAMES FALK, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER STAYING CASE

Habeas Applicant Abraham Hagos is currently serving a life sentence for kidnapping, the conviction he challenges in the Application before the Court. In a different case, Hagos received a sentence of life without parole for murder/retaliation that he will be required to serve consecutively to his kidnapping sentence. Hagos is challenging his murder/retaliation convictions via habeas, and that case is now being briefed in the Tenth Circuit Court of Appeals. *See Hagos v. Clements*, No. 12-cv-00678, 2013 WL 674026, at *4 (D. Colo. Feb. 25, 2013) (denying habeas application); *Hagos v. Werholtz*, No. 13-1124 (10th Cir.) (pending appeal).

Hagos' simultaneous habeas cases present a conundrum. Assuming that Hagos' murder/retaliation convictions survive federal habeas review and any collateral attack Hagos may timely raise against them at the state level, Hagos would remain in prison for the rest of

his life even if the Court were to grant him habeas relief here. Accordingly, the Court expressed its inclination to stay proceedings here pending the outcome of Hagos' habeas challenge to his murder/retaliation convictions. Hagos contends that the Court's inclination is misguided for a few reasons.

First, Hagos relies on a trilogy of Supreme Court cases to argue that the existence of a subsequent prison term does not affect the availability of habeas relief. In *Wainwright v. Walker*, 390 U.S. 335 (1968), a habeas petitioner sought to challenge his murder conviction, for which he was serving a life sentence. The petitioner was also due to serve a separate, five-year sentence for aggravated assault upon the completion of his murder sentence. The District Court dismissed the petition because, given the subsequent five-year sentence, invalidating his murder conviction would not result in his "immediate release" from prison. The Supreme Court reversed in a per curiam opinion, stating:

> Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention. The petitioner is now serving a life sentence imposed pursuant to a conviction for murder. If, as he contends, that conviction was obtained in violation of the Constitution, then his confinement is unlawful. It is immaterial that another prison term might still await him even if he should successfully establish the unconstitutionality of his present imprisonment.

*Id.* at 337.

Hagos also recites the holdings of *Peyton v. Rowe*, 391 U.S. 54 (1968), and *Garlotte v. Fordice*, 515 U.S. 39 (1995), the seminal cases on this issue. As the Court pointed out in its Order to Show Cause, while granting habeas relief in those cases would not have resulted in an immediate release, it would have shortened the duration of the prisoners' confinement: "the prisoners in *Peyton* would have been released after completing their first sentence if their second sentence was invalidated; and invalidating the prisoner's first sentence in

2

*Garlotte* would have had the effect of applying the years he wrongfully served as credit to shorten his second sentence." [Doc. 8 at 2-3.]

*Wainwright*, *Peyton*, and *Garlotte* stand quite clearly for the proposition that a habeas applicant may challenge his current sentence even though the relief granted would not result in an immediate release.  But those cases did not address the question presented here:  that is, whether habeas relief is available to challenge a current sentence where, because of a consecutive, still-to-be-served sentence of life without parole, granting relief will have no effect on the duration of the prisoner's confinement.

Hagos also argues that the Court's reliance on *Kelly v. Wingo*, 313 F. Supp. 1059 (W. Ky. 1970) is misplaced.  *Kelly* post-dated *Peyton*, and acknowledged that *Peyton* changed the nature of a habeas writ from a device exclusively used to secure immediate release to one that could also be used to effect a non-immediate, but earlier release.  *See Kelly*, 313 F. Supp. at 1061 ("The present state of the law seems to be that a petition for habeas corpus should only be considered where immediate discharge will result, or where there is a possibility of an earlier discharge or parole.").  While acknowledging and applying *Peyton*, the *Kelly* court nonetheless concluded that granting the writ to the prisoner would accomplish neither of those ends, because even if his first sentence was invalidated, the prisoner would still need to serve separate life sentences that were not in dispute.  *See id.*  Contrary to Hagos' contention, the *Kelly* court's decision was fully consistent with *Peyton*.

Hagos maintains that *Garlotte*'s "clear and broad rule" requiring federal courts to "view consecutive sentences in the aggregate, not as discrete segments" has since undermined *Kelly*'s reasoning.  [*See* Doc. 12 at 2, 4.]  Not so.  The prisoner in *Kelly* challenged his first life sentence, and had three other life sentences to serve.  Viewed in the

aggregate, those sentences were, for the prisoner's purposes, infinite. Removing one life sentence from the aggregated sentences would therefore have no practical effect on the duration of his confinement, which is precisely why the *Kelly* court denied habeas relief. *See Kelly*, 313 F. Supp. at 1061 ("Surely the writ is not intended to issue for vain purposes."). *Kelly* is fully consistent with *Garlotte*.

*Kelly* is also, as previously acknowledged, a 43-year-old case that has never been cited in a subsequent decision. But its general principle – that a writ must have *some* effect on the duration of a prisoner's confinement to be available – was applied in *Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009). There, the Tenth Circuit concluded that a habeas petitioner serving the second of two concurrent sentences was not "in custody" for the purposes of his first, fully-served sentence in part because, even if he successfully challenged the first conviction, it would not shorten his second sentence. *Id.* at 1140-41. That discussion is not dicta, as Hagos argues; it is reasoning in support of a holding.

Hagos also contends that it is premature and unwarranted to assume that Hagos' murder/retaliation convictions will be upheld on habeas review and in state post-conviction proceedings. The Court is making no such assumption, which is why it has determined to stay the proceedings rather deny relief entirely. The Court is aware that the purpose of the writ of habeas corpus is to provide "prompt adjudication of constitutional claims in the federal courts," *Peyton*, 391 at 54, and that there are risks to postponing decision on Hagos' Application. But in the circumstances, the Court concludes that the benefits of a stay— conserving increasingly-scarce judicial and state resources—outweigh those risks.

For the foregoing reasons, it is,

ORDERED that *Hagos v. Raemisch*, No. 13-cv-2375-RPM, be stayed pending the resolution of *Hagos v. Werholtz*, No. 13-1124 (10th Cir.).

Dated:  November 14, 2013.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge